IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES G. WALLACE,**

    **Petitioner,**

    v.                                **CASE NO. 2:08-CV-393**
                                        **JUDGE SMITH**
                                        **MAGISTRATE JUDGE KING**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

According to the petition, petitioner pleaded guilty in the Franklin County Court of Common Pleas to one count of domestic violence. He does not indicate the date of his guilty plea or the sentence imposed; however, petitioner indicates that he was indicted on December 14, 2006. Petitioner alleges that "no person accused him of domestic violence," and asserts that the trial court therefore was without jurisdiction to accept his guilty plea. Petitioner does not indicate that he pursued any state court action regarding his judgment of conviction. *See Application for a Writ of Habeas Corpus*.

The Court notes that petitioner filed his habeas corpus petition under 28 U.S.C. 1651(a), the All Writs Act, which provides:

> The Supreme Court and all courts established by Act of Congress

>may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

However, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)) (internal quotation marks omitted).

>[T]he Supreme Court has limited the scope of the All Writs Act. In *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985), the Court ... characterized § 1651 as "filling the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal courts' jurisdiction." *Id.* at 41.... The Court also emphasized that although § 1651 "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id. See also Harris v. Nelson*, 394 U.S. 286 (1969)(limiting the broad All Writs Act authority in habeas proceedings to cases "where specific allegations before the court show reason to believe that the petitioner may ... be able to demonstrate *that he is confined illegally and is therefore entitled to relief ....*") (emphasis added).

*Hodges v. Bell*, 170 Fed.Appx. 389, 2006 WL 508043 (6th Cir. March 2, 2006). Thus, petitioner's habeas corpus petition is appropriately considered under 28 U.S.C. §2254, and not §1651. "[C]ourts have held that 28 U.S.C. §1651 , the 'All Writs Act,' may not be used to evade the strictures of §2254." *Ward v. Howes,* 2007 WL 172515 (W.D. Michigan January 19, 2007)(refusing to entertain petition under §1651 where habeas corpus petition appropriately considered under §2254), citing *Brennan v. Wall,* 100 Fed. Appx 4 (1st Cir. 2004); *see also Frazier v. Moore*, 2006 WL 3146436 (S.D. Ohio October 31, 2006)(petitioner may not invoke jurisdiction

under §1651 in order to avoid one-year statute of limitations on filing habeas corpus petitions).

Petitioner does not indicate that he has attempted any state court action regarding his claim that the trial court lacked jurisdiction to accept his guilty plea. Before a federal habeas court may grant relief under 28 U.S.C. §2254, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Where alternative state remedies are available to consider the same claim, however, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987). Petitioner has failed to meet this burden here.

Petitioner's claim appears to be readily apparent from the face of the record and would therefore be properly raised on direct appeal. Although the time period to file an appeal now has expired, petitioner may still pursue a motion for delayed appeal with the state appellate court pursuant to Ohio Appellate Rule 5(A). Therefore, the instant action is unexhausted. The petition may also be untimely. *See* 28 U.S.C. §2244(d)(1). In any event, the record does not indicate that a stay of proceedings pending exhaustion is appropriate. *See Rhines v. Weber*, 544 U.S. 269 (2005).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


May 5, 2008                                                                                     *s/Norah McCann King*
                                                                                                    Norah McCann King
                                                                                                    United States Magistrate Judge